SCRIPTURE V. BURNS ET AL.

1. **Mandamus:** OBJECT OF THE ACTION. The proceeding by *mandamus* is intended to compel officers and others to act in the discharge of their duties, but not to review their action when discretion may be exercised, or when it depends on facts to be ascertained and determined by them.

2. **School Directors:** RENTING SCHOOL-HOUSE: DISCRETION: MANDAMUS. School directors may, in a proper case, in the exercise of their lawful discretion, cause the school to be taught in a rented house instead of the public school building, and their action in so doing cannot be reviewed in the proceeding by *mandamus*.

3. ———: SECTARIAN INSTRUCTION: MANDAMUS. Where plaintiff, a private person, sought by writ of *mandamus* to compel school directors to observe and enforce the law forbidding sectarian instruction in the public schools, *held* that the relief was properly refused, because it did not appear that plaintiff had demanded of the directors the performance of the duty sought to be enforced. Code, section 3378.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 15.

MANDAMUS. Upon a trial on the merits the District Court dismissed plaintiff's petition; he now appeals to this court. The facts of the case are fully stated in the opinion.

*M. H. Beach,* for appellant.

*Pollock & McNulty,* for appellees.

BECK, J.—I. The petition shows that plaintiff is a citizen of this State and a resident of the school district of which defendants are directors, and has children that are lawfully

entitled to attend the public schools taught therein. It is further alleged that the district owns a public school-house situated in the center of its territory; that defendants have authorized and permitted school to be taught in a private school-house owned by the bishop of the Catholic church for the Diocese of Iowa; that plaintiff in writing has requested the defendants to require the school to be taught in the public school-house and that, although the defendants have had official meetings since the service of the plaintiff's written requests, they have refused to act thereon and have not given consideration thereto. The petition also shows that defendants and their predecessors have permitted the Catholic catechism to be studied, taught, learned and recited in the public schools of the district, and that defendants have refused and failed to observe and enforce the law forbidding such instructions in the public schools of the State. The petition prays that defendants may be required to take action upon plaintiff's request above stated, and that, by a peremptory writ of *mandamus*, they be required to observe and enforce the laws of the State, forbiding children to be taught, in the public schools, the creed of the Catholic or any other church.

The defendants admit that they have permitted a public school to be taught in the house referred to in the petition, which has been rented for the use of the school district, for the reason that by so doing, defendants could maintain a school for ten months in the year instead of six, the public money being sufficient to maintain a school for six months, and for four months it is supported by private contributions. The answer inferentially admits that, during the four months when the school is supported by private contributions, the Catholic creed is taught therein. It is averred in the answer that since the commencement of this suit defendants have, at the official meeting of the school board, acted upon plaintiff's written request and refused to comply therewith. Other allegations of the pleadings need not be recited. The District Court dismissed plaintiff's petition, requiring the defendants

to pay all costs except the witnesses attending the term, and refused to hear evidence supporting the allegations of the petition to the effect that the Catholic creed was taught in the school.

II.   The decision of the District Court was doubtless based upon the ground that the defendants had acted upon plaintiff's request, and that in this proceeding their action cannot be reviewed, and that as no demand required by Code, section 3378, was alleged in the petition or shown by plaintiff's requiring them to forbid the teaching of the Catholic creed, the action cannot be maintained as to that branch of the case.   The decision of the District Court is correct, and is well supported upon these grounds.   The proceeding by *mandamus* is intended to compel officers and others to act in the discharge of their duties and trusts imposed upon them.   It is not designed to review their action when discretion may be exercised, or when it depends upon facts to be ascertained and determined by them.

*1. MANDAMUS: object of the action.*

III.   It cannot be doubted that the directors of a school district may, in a proper case or when the public school-house is out of repair or insufficient, and in other cases when the best interest of the school would be subserved thereby, cause the school to be taught in a rented house instead of the public school building.   Their action in such a case would depend upon the determination of facts and the exercise of discretion which they may lawfully exercise.   But the action in such a case may be reviewed by proper proceedings before a tribunal having jurisdiction thereof; it cannot be done in the proceeding by *mandamus.*

*2. SCHOOL DIRECTORS: renting school-house; discretion; mandamus.*

IV.   The relief sought by plaintiff on the ground that the defendants unlawfully permitted the creed of the Catholic church to be taught in their school was properly refused in this proceeding, for the reason that plaintiff did not aver and show that he had demanded of the defendants that they perform their duty by

*3. ———: sectarian instruction: mandamus.*

prohibiting the acts complained of as illegal. This is required by the statute, to authorize a writ of *mandamus*.

It is our opinion the judgment of the District Court ought to be

AFFIRMED.