STATE OF IOWA, Appellant, v. MANHATTAN OIL COMPANY, Appellee.

**CONSTITUTIONAL LAW:** Legislative Acts—Multiple Subject-Matters—Effect. That part of the Motor Vehicle Carrier Act (Ch. 252, Code of 1924) which assumes to regulate the transportation and sale of oils, etc., *by the owner thereof* is void in view of the fact that the title thereof only calls for an act for the supervision and regulation of such transportation *"for hire."*

Headnote 1:  36 Cyc. p. 1045.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

APRIL 8, 1925.

THE defendant, Manhattan Oil Company, was indicted by the grand jury of Polk County, Iowa, for a violation of Chapter 97, Acts of the Fortieth General Assembly, as amended. The indictment in substance charged the defendant with the crime of operating a motor vehicle on the public highways of the state of Iowa without a certificate from the board of railroad commissioners, in that, on the 16th day of August, 1924, the defendant willfully and unlawfully operated a motor vehicle upon the public highways outside of the limits of any municipality, for the purpose of delivering, in quantities greater than five gallons, gasoline, oils, and oil products, to J. M. Reed, without first obtaining a certificate from the board of railroad commissioners of Iowa, as provided by statute. On a plea of not guilty, the cause was tried to a jury. At the close of all the evidence, the defendant moved for a directed verdict. The motion was

sustained, and a verdict of not guilty, upon direction of the court, was returned by the jury. The State of Iowa appeals from a judgment entered.—*Affirmed.*

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *Vernon R. Seeburger,* County Attorney, for appellant.

*Carr, Cox, Evans & Riley,* for appellee.

DE GRAFF, J.—The facts in this case are not in dispute, and show beyond any controversy that the defendant, Manhattan Oil Company, is an Iowa corporation, with its principal place of business in Des Moines, Iowa; that it is engaged in the sale of petroleum products; that, in making its sales, the defendant company delivers the products without any specific delivery charge, from its principal place of business in Des Moines to the surrounding territory by motor trucks that are owned and operated by the defendant; that J. M. Reed was one of the customers of the defendant company, and purchased petroleum products from the defendant on numerous dates prior to August 16, 1924, and on said date purchased from said defendant 150 gallons of gasoline, 50 gallons of coal oil, and 10 gallons of lubricating oil; that this merchandise was delivered to him by the defendant in a motor truck driven by one of the employees of the defendant; and that said merchandise was transported over the public highways of the state from the principal place of business of the defendant to the place of business operated by Mr. Reed, in Grimes, Iowa. No claim is made that the defendant had secured a certificate or filed application therefor with the board of railroad commissioners, as provided by Chapter 97, Laws of the Fortieth General Assembly, as amended, nor had it paid any taxes to the county treasurer of Polk County, as provided under the provisions of said chapter. These are the salient facts introduced upon the trial of the cause.

Appellee presents on this appeal numerous specifications to sustain the correctness of the ruling of the trial court in directing a verdict for the defendant. One of these grounds is controlling: That Chapter 97 of the Acts of the Fortieth General Assembly of Iowa, with the amendments thereto, upon an al-

leged violation of which the instant indictment is predicated, is unconstitutional and void, and in violation of and repugnant to the Constitution of the state of Iowa, particularly Section 29 of Article 3 of said Constitution, in that the act embraces more, than one subject, and that the subjects embraced in the act are not expressed in the title thereof.

Does the act embrace more than one subject, and are the subjects embraced in the act, if more than one is embraced, not expressed in the title thereof? It is a constitutional requirement in this state that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. Constitution of Iowa, Article 3, Section 29. It becomes necessary, therefore, to examine the title and the subject-matter of the act in question. The title reads:

"An act providing for the supervision and regulation of persons either natural or artificial engaged in the transportation of persons or property for hire over the public highways of the state by motor vehicles, and conferring certain jurisdiction over such persons and such vehicles upon the board of railroad commissioners of the state; also providing for the enforcement of this act and for the punishment of violation thereof."

Paragraph b of Section 1 of the act provides:

"The term 'motor carrier' when used in this act means any person, firm or corporation, lessee, trustee or receiver, operating any motor vehicles with or without trailers attached, upon any public highway for the transportation of passengers or property for compensation, between fixed termini or over a regular route even though there may be periodic or irregular departures from said termini or route, or for delivering oils, goods or merchandise other than farm products in the vicinity of and from a distributing point except such motor carriers operating solely within the limits of a municipality.

"Provided that the provisions of this section shall not be so construed as to apply to resident retail merchants who deliver goods and merchandise other than oils, or oil products, in quantities of five gallon or less, in pursuance of bona-fide sales to residents outside the limits of cities and towns and special charter cities, or to any vehicle used in collecting dairy products from the producer. Nothing in this act shall be construed as

affecting the operation of school busses, which are used in conveying school children to or from consolidated or other schools.''

It is a matter of history that the original act was introduced in the general assembly of Iowa on January 31, 1923, and is known as Senate File 361. As introduced, Paragraph b, supra, ended with the words ''from said termini or route.'' Subsequently, among other amendments proposed and passed was one which added to Paragraph b of Section 1 the language immediately following the words ''from said termini or route,'' as shown in the quoted paragraph. This added language changed the entire scope and objective of the act; and it is apparent that an attempt was made to include, not only those persons transporting persons or property for *hire,* but also those, with certain exceptions, who were engaged in delivering their own oils, goods, or merchandise in their own trucks. When this amendment was enacted, no corresponding change was made in the title of the act, and, as passed, the title was left in its original form. It is quite obvious that the original title is insufficient to cover the act as finally adopted. The title presents no ambiguity, and there is no reason to invoke any rule of statutory construction. In simple terms, the title is limited to ''regulation of persons either natural or artificial engaged in the transportation of persons or property for hire.'' No suggestion or mention is made therein that the act attempts to regulate any class of persons operating motor vehicles on the public highways of the state except those who are engaged in such business for hire. Nothing is suggested therein that would call the attention of any legislator or of the public to the fact that the act included provisions essentially different from those indicated by the title. This court has been quite liberal in permitting the inclusion of matters in an act that are not definitely specified in the title; and in effect we have held that the title need not be an index of the details of the act. But it is quite universally recognized that there must be no incongruity between the act and its title. *State v. Gibson,* 189 Iowa 1212; *Cook v. Marshall County,* 119 Iowa 384; *Sisson v. Board of Supervisors,* 128 Iowa 442; *Rex Lbr. Co. v. Reed,* 107 Iowa 111; *Des Moines Nat. Bank v. Fairweather,* 191 Iowa 1240.

Furthermore, the act creates and imposes a tax to be used

for the maintenance and upkeep of the public highways; but no reference to this fact, directly or indirectly, is made in the title. The act itself recognizes and expressly declares the creation and levy of a tax for the maintenance and upkeep of the public highways. It provides:

"Sec. 9. In addition to the regular license fees or taxes imposed on motor vehicles in this state, every motor carrier shall pay the following taxes for the maintenance and the upkeep of the public highways: * * * "

It may not be said that this legislation was enacted in the exercise of the police power of the state, or that a mere license fee was intended. It is a tax. The police power differs from other governmental powers, both in the manner of its operation and its objects. The taxing power impairs liberty otherwise than by the mere exaction of a sum of money, and aims primarily to provide ways and means for the carrying on of the government, no matter for what specific purpose. True, the title to the act states that it regulates and supervises the persons named in the title; but the act itself is not strictly regulatory, finding its justification under the police power. A mere license fee must be limited, within reasonable bounds, to the amount necessary for the purpose of regulation. Under the provisions of the present act, the tax collected cannot be expended in the regulation of motor carriers; and there is a recognition in its provisions that a license fee to operate a motor truck upon the highways is covered and governed by another law, known as the "Motor License Law." Although it is competent for the legislature to impose license fees, the amount derived thereby must bear a reasonable relation to the actual expense of regulation and the administration of the act. *State v. Osborne,* 171 Iowa 678; *Town of Pacific Junction v. Dyer,* 64 Iowa 38. Sufficient to state that the legislature did not intend a license fee; and it is unnecessary for this court to define or differentiate further in this particular.

Enough has been indicated that we cannot construe the title to embrace the subject-matter of the act; and we find the further fact that the act contains a provision for the creation and levy of a tax for the maintenance and upkeep of public highways not expressed in the title. For these reasons the title

must be held to be fatally defective, as not in conformity to constitutional limitations.

The title makes no reference to motor carriers except those engaged in the transportation of persons or property for hire over the public highways of the state. No reference is made in the title to motor carriers not for hire, of which the defendant is one; and, therefore, as to the defendant the act is void.

Holding, as we do, that the provision of Chapter 97 of the Acts of the Fortieth General Assembly upon which the indictment is based, is void for the reasons above stated, we deem it unnecessary to consider and determine the propositions involving the constitutionality of the act in other particulars. To do so would be to construe a void law.

For the reasons indicated herein, the judgment entered by the trial court is—*Affirmed.*

FAVILLE, C. J., and STEVENS, ARTHUR, VERMILION, and ALBERT, JJ., concur.

EVANS, J., not participating.