NATIONAL BENEFIT ACCIDENT ASSOCIATION, Appellee, v. RAY MURPHY, Commissioner of Insurance, et al., Appellants.

No. 43229.

SEPTEMBER 29, 1936.

Ralph N. Lynch, for appellee.

Edward L. O'Connor, Attorney General, and Lehan T. Ryan, Asst. Attorney General, for appellants.

DONEGAN, J.—The plaintiff in this case was originally incorporated as an Iowa corporation under the name, Hawkeye Commercial Men's Association, in May 1906, for the purpose of writing mutual accident insurance and funeral benefits on the assessment plan. In January 1919, the corporation filed amended and substituted articles of incorporation which stated that the object of the corporation was to perfect and maintain a mutual accident insurance association upon the assessment plan, the provision in regard to writing funeral benefits being dropped. In 1926, renewal, amended and substituted articles of incorporation were filed in which it was stated that the object of the corporation was to conduct the business of a mutual accident and health association upon the assessment plan. In January 1927, these renewal, amended and substituted articles were amended by changing the name from Hawkeye Commercial Men's Association to Hawkeye Business Men's Association, and again, in April 1929, these renewal, amended and substituted articles of incorporation were repealed and new articles adopted in lieu thereof, in which the name of the corporation was changed to National Benefit Accident Association. In Article 2 of these new articles it was stated that the object of the corporation was to conduct the business of a mutual accident and health insurance association upon the assessment plan. Article 2 of the Articles adopted in 1929 was repealed in January 1935, and a new Article 2 was substituted in lieu thereof, in which it was stated that, "The object of this Association shall be to conduct the business of a mutual association upon the assessment plan for the purpose of insuring the lives of individuals or furnishing benefits to the widows, heirs, orphans or legatees of deceased members, or insuring the health of persons, or furnishing accident indemnity." Pursuant to section 8688, Code of Iowa 1931, this last amendment was presented to the commissioner of insurance and attorney general for their approval, which approval was

refused, and thereafter the National Benefit Accident Association brought this action in certiorari, in the district court of Polk county, Iowa, alleging that, in so refusing to approve the said amendment to its articles of incorporation, the commissioner of insurance and attorney general were acting illegally. Writ of certiorari was issued as prayed and thereafter the respondents, commissioner of insurance and attorney general, filed a motion to quash such writ, which motion was overruled. Answer was then filed, trial was had to the court upon the issues presented, and the court entered a decree in favor of the petitioner, National Benefit Accident Association. From such decree appeal has been taken to this court.

■■■ We are confronted at the outset with the claim of appellee that, this being a law action and the appellants having failed to state any errors relied upon for reversal, as required by Rule 30 of this court, there is nothing before the court for its consideration. The appellants' brief and argument was prepared and filed prior to the going into effect of the present Rule 30 of this court. However, under Rule 30 as it existed at the time that such brief and argument was filed, the appellants were required to set out "the errors relied upon for reversal." A note attached to the rule fully explains what is meant by this provision, and this court has, on several occasions, called the attention of the bar to the necessity of a compliance with this rule, and, in some cases, where the violation of the rule was flagrant, this court has, upon motion of the appellee, dismissed the appeal. In other cases, where the rulings upon which a reversal is asked appear quite clearly and the propositions relied on are well stated, we have relaxed the rule. Nelson v. Adams Company, 179 Iowa 586, 161 N. W. 645; Jahr v. Steffen et al., 187 Iowa 168, 174 N. W. 109. Inasmuch as the rulings of the trial court that are here questioned have been quite fully presented to this court by the brief points and argument of the appellants and by the brief and argument of the appellee, and the court can readily understand therefrom the real questions at issue; and, since these questions are of importance, not only to the litigants in this case but also, in view of the decision we reach, may require the attention of the legislative branch of the state, in the absence of any motion by the appellee to dismiss the appeal, we deem it advisable to consider this appeal upon its merits.

■■■ The first proposition to which it is necessary to direct

our attention is the contention of the appellants that certiorari is not the proper procedure by which to question the action of the appellants in refusing to approve the appellee's amendment of its articles of incorporation. This question was raised in the court below by the appellants' motion to quash the writ of certiorari, and the motion was overruled by the trial court. In Scripture v. Burns et al., 59 Iowa 70, 72, 12 N. W. 760, 761, we said;

"The proceding by *mandamus* is intended to compel officers and others to act in the discharge of their duties and trusts imposed upon them. It is not designed to review their action when discretion may be exercised, or when it depends upon facts to be ascertained and determined by them."

In Davis v. District Court et al., 195 Iowa 688, 693, 192 N. W. 852, 854, we said:

"It is discretionary with the court whether a rule (for the production of documentary evidence) shall be entered, and, so far as the court confines its ruling within the discretion allowed by statute, or it is merely erroneous, it is not subject to review in this court by an original proceeding in certiorari. (Citing cases.) If, however, the order goes beyond the discretion and authority of the court, and thereby becomes illegal, or the court exceeds its jurisdiction, it is subject to review by certiorari." (Citing cases.)

Appellants contend that because, in refusing to approve the amendment in question, they were exercising judicial powers as well as acting in an administrative capacity, their acts cannot be reviewed on certiorari. With this contention, we cannot agree. Even if the appellants be honest in their refusal to approve the amendment in question, and neither the appellee nor the court question their honesty in this matter, it is at least possible that they may have given a wrong interpretation to and made a wrong application of the law, and, in so doing, have deprived the appellee of a right to which it is entitled under the law. If this be true, the appellants are acting illegally, under our decisions, and the appellee's remedy for the wrong suffered is by a review under a writ of certiorari. Lloyd v. Ramsay, Secretary of State, et al., 192 Iowa 103, 183 N. W. 333; Shearer v. Sayre, Mayor, 207 Iowa 203, 222 N. W. 445; State ex rel. Erdahl v. District Court, 189 Iowa 1167, 179 N. W. 442; Sullivan v. Rob-

bins, 109 Iowa 235, 80 N. W. 340; Riley v. City of Des Moines et al., 203 Iowa 1240, 1241, 212 N. W. 716; Dunlop v. District Court et al., 214 Iowa 389, 239 N. W. 541. We find no error in the action of the district court in overruling the appellants' motion to quash the writ of certiorari.

The refusal of the appellants to approve the amendment to its articles of incorporation submitted to them by the appellee was based upon the ground that, while the appellee, under its original articles of incorporation adopted in 1906, had the right to write life insurance, this right was subsequently waived and lost by the appellee. It is conceded by the appellants that, at the time the original articles of incorporation were adopted in 1906, associations such as the appellee, which had the power to write funeral benefits, were authorized to write life insurance. In 1907 the following act, known as chapter 83 of the Acts of the Thirty-second General Assembly, was enacted:

"Assessment Life Associations.

H. F. 48.

"An Act to provide a method whereby assessment life associations may be reincorporated as legal reserve life insurance companies. (Additional to Chap. 7 of title IX of the Code.)

"Be it enacted by the General Assembly of the State of Iowa:

"Section 1. No life insurance company or association, other than fraternal beneficiary associations, which issues contracts, the performance of which is contingent upon the payment of assessments of call made upon its members, shall do business within this state except such companies or associations as are now authorized to do business within this state and which shall value their assessment policies or certificates of membership as yearly renewable term policies according to the standard of valuation of life insurance policies prescribed by the laws of this state.

"Sec. 2. (Provided the method under which associations could reincorporate as legal reserve companies.)

"Sec. 3. (Provided said act should take effect on publication.)"

Prior to the passage of this act the appellee was authorized to write life insurance and, it is conceded by the appellants, that, under the provisions of this act, the appellee, being, at the time of the passage of the act, an association authorized to do busi-

ness within the state, the passage of the act in question did not deprive it of its power to write life insurance. It is the contention of appellants, however, that by the adoption of amended and substituted articles of incorporation in 1919, all former articles were repealed and the only business in which appellee could thereafter engage was limited to the provision of the new articles which stated its object to be, "to perfect and maintain a mutual accident insurance association upon the assessment plan"; and that the law as contained in Chapter 83 of the Acts of the Thirty-second General Assembly, still being in effect as section 8718 of the 1931 Code, the appellee could not, by the amendment to its articles adopted in 1935, which appellants were asked to approve, revive or again exercise the power to write life insurance which had ceased to exist in 1919.

The appellee meets this contention with the assertion that a proper interpretation of the statute in question clearly shows that the appellee was excepted from the prohibition contained in the statute, that its right to sell life insurance was not lost by its act in ceasing to exercise it, and that, being the same corporation to which this right was reserved by the exception contained in the statute, there is no law which justifies the appellants in refusing to approve the amendment to the appellee's articles of incorporation.

Appellee further contends that, even if the interpretation placed upon this statute by the appellants be correct, they were still acting illegally in refusing to approve its amendment to its articles of incorporation, because the law itself, section 1, chapter 83, Acts of the Thirty-second General Assembly, is in violation of the Constitution of the State of Iowa. If the latter contention of the appellee be sustained, then, of course, it would be unnecessary to consider the proposition as to whether the proper interpretation was placed upon this law by the appellants; because, if the law be unconstitutional, it would not justify the appellants in refusing to approve the amendment to appellee's articles of incorporation, regardless of what interpretation might be placed upon it.

It is the contention of the appellee that section 1 of the act is violative of section 29, Article III, of the Constitution of the State of Iowa, which is as follows:

"Every act shall embrace but one subject, and matters prop-

erly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

■■■ The title to the act in question is as follows:

"AN ACT to provide a method whereby assessment life associations may be reincorporated as legal reserve life insurance companies."

Section 1 of the act contained the provision which we have already quoted and upon which the appellants relied in refusing to approve the amendment to appellee's articles of incorporation. Section 2 of the act, which has not been set out, provided the method whereby assessment life associations might be reincorporated as legal reserve life insurance companies; and section 3 contained only the provision for publication. We think it quite apparent that the title of the act does embrace the subject covered by section 2 of the act, but we cannot find anything in this title which indicates in any way that any insurance associations in the state of Iowa are prohibited by the act from writing life insurance, or that indicates what, if any, such associations are thus prohibited.

In Rex Lumber Company v. Reed, Treas., et al., 107 Iowa 111, 77 N. W. 572, the title recited that it was "An act to amend section 853, chapter 1, title 6 of the Code, relating to the lien of taxes between the vendor and vendee." The act not only fixed liens as between vendor and vendee but further provided that the auditor might, upon notice being given to him of the transfer, change the name of the owner and collect the tax against the owner, purchaser or vendee. In holding that the title was not sufficient, this court said:

"But, as already indicated, we think the purposes of the two sections entirely different, although both relate to liens of taxes on real estate. The title of the act in question directed attention to the subject of the lien of taxes as between vendor and vendee, and perhaps was sufficient to include provisions making taxes on stocks of goods and merchandise sold in bulk a charge or lien upon the stock in the hands of the purchaser, for the purpose of fixing the rights and liabilities of the parties to the sale; but no one would have inferred from reading the title

and the section which it specified that it was the purpose of the act to give to public officers additional means for the collection of taxes levied on account of such property, nor that the act had any reference to that subject. Therefore, we are forced to conclude that the title of the act does not express its subject, and that the act, for that reason, is in conflict with the constitution, and void."

In State v. Bristow, 131 Iowa 664, 109 N. W. 199, the title described the act as "An act to repeal the law as it appears in section thirteen hundred and forty-seven 'a' (1347-a) of the supplement of the Code relating to the vocation of peddlers and to enact a substitute therefor." In the body of the act it was provided that the word "peddlers" should include transient merchants and itinerant vendors selling by sample or by taking orders, whether for immediate or future delivery. In holding the act violative of the constitutional provision requiring acts to contain but one subject which must be expressed in the title, we said:

"There is nothing in the title to indicate that a definition was to be given of the term and nothing to indicate that itinerant vendors selling by sample or by taking orders were to be included, or that they were required to take out licenses. The original act simply provided a tax upon peddlers, and there was no indication in the title of the subsequent one that itinerant vendors who sold by sample or for future delivery were to be included in the term 'peddlers'. Indeed, under all known definitions they are not so included."

See, also, State v. Manhattan Oil Co., 199 Iowa 1213, 203 N. W. 301; Des Moines National Bank v. Fairweather et al., 191 Iowa 1240, 181 N. W. 459, 184 N. W. 313; In re Breen, 207 Iowa 65, 222 N. W. 426; Chicago, R. I. & P. R. Co. v. Streepy, 207 Iowa 851, 224 N. W. 41; Smith v. Thompson, County Auditor, 219 Iowa 888, 258 N. W. 190.

Appellants have cited several cases which they contend show that this provision of the constitution should be given a very liberal construction. We have read these cases and, in our opinion, they are not analogous to the case at bar. The title to the act in question in the case at bar does not contain anything from which one, by reading the title, would know or have reason to

think that there was any provision in the act under which any assessment life association would be prohibited from carrying on the business of writing life insurance. We cannot escape the conclusion that the title failed to express the subject matter which was contained in section 1 of the act in question, and that this section of the act is, therefore, violative of the constitutional provision. The provision of the constitution in question, however, provides that, if any subject be embraced in the act which is not expressed in the title, the act shall be void only as to so much thereof as shall not be expressed in the title. The appellee concedes that the insufficiency of the title in this case did not invalidate the provisions contained in section 2 of the act. Section 2, therefore, will in no way be affected by our holding that section 1 of the act must be held to be unconstitutional. Since the section of the act upon which the appellants relied in refusing to approve the amendment to the appellee's articles of incorporation is unconstitutional, the appellants were without any justification in law for their refusal, and they were, therefore, acting illegally in withholding their approval.

■■■ The decree of the trial court not only held section 1 of the act unconstitutional, but it also held that the interpretation placed upon this act by the appellants was wrong and that they were acting illegally in following such interpretation. Since section 1 of the act is unconstitutional, it could furnish no justification for a refusal to approve the amendment to appellee's articles of incorporation, regardless of what interpretation was placed upon it, and, our action in passing upon this appeal should not be construed as in any way sustaining the interpretation put upon this act by the trial court. It is contended by appellants that the trial court exceeded its authority in that part of the decree approving the amendment and authorizing the appellee to resume the writing of life insurance. We are inclined to agree with appellants as to this contention, and hold that the decree should be modified by striking therefrom the part which appears to be an approval by the court of the amendment to the articles of incorporation and a grant of authority to the appellee to write life insurance. The decree contains a provision directing the appellants to take whatever action is necessary to give full force and effect to its terms. Under the law, we think the approval of the articles of incorporation must come from the appellants and not from the court, and that the court has no

authority except to require the appellants to perform the duties which the law thus imposes upon them.

For the reasons stated in the opinion, the decree of the district court, as thus modified, is affirmed.—Modified and affirmed.

PARSONS, C. J., and ALBERT, MITCHELL, KINTZINGER, RICHARDS, HAMILTON, and STIGER, JJ., concur.