52 N.W.2d 699 (1952)
HAINES et al.
v.
BOARD OF SUP'RS OF POTTAWATTAMIE COUNTY et al.
INDEPENDENT SCHOOL DIST. OF CARTER LAKE
v.
PETERSEN.
No. 48009.
Supreme Court of Iowa.
April 1, 1952.
Gillilland & Thomas, of Glenwood, for appellants.
Matthew J. Walsh, of Council Bluffs, for appellee.
Kimball, Peterson, Smith & Peterson, of Council Bluffs, for intervenor and cross-petitioner-appellee.
WENNERSTRUM, Justice.
The plaintiffs are resident taxpayers of the Carter Lake School District, intervenor in the pending proceeding. They brought an action against the board of supervisors of Pottawattamie County and the county treasurer thereof seeking a writ of mandamus to order the board to direct the treasurer to refund taxes paid under protest and which they claim were illegally collected. They also sought to enjoin the collection of any further similar taxes. It is claimed that the tax levy for the fiscal year of 1950-1951 was fraudulent and void by reason of the fact that (1) no notice of the proposed school district budget was published in the manner as required by law, (2) the budget estimate set out a false statement of facts and did not conform to the requirements of the statute, and (3) the school board, without benefit of an election, was seeking to raise money by taxation in order to build up a fund for the construction of a new school house, although it was represented that the funds obtained by reason of the submitted budget were intended for other purposes. The trial court held against the contentions of the plaintiffs. The plaintiffs have appealed.
Carter Lake had a population of approximately 1500 people at the time the issues involved herein developed. The school district of Carter Lake and that of the town cover the same area. There is no newspaper published within this district. The Council Bluffs Nonpareil, a newspaper published in Council Bluffs, Iowa, had at the time in question only one subscriber in Carter Lake. No other Iowa newspaper had a circulation in that community of any consequence. Due to this fact notice of the hearing in connection with the budget estimate was posted in three public places in the town of Carter Lake on July 5, 1949. Although there was evidence presented pertaining to the budget for several years previous and the taxes collected by reason thereof, *700 the only matter in controversy relates to the year 1950-1951. Despite the fact that it is not a matter of record in the present proceeding, this court will take judicial notice that the community of Carter Lake lies west of the Missouri River but within the State of Iowa, and in traveling from Council Bluffs to Carter Lake it is necessary to cross the river. This condition has developed by reason of the change in the river's course.
On July 25, 1949 the Carter Lake School District Board held a meeting for the purpose of hearing any objections to the budget previously prepared and concerning which notice had been given in the manner heretofore stated. There were several persons present at this meeting who made objection to the budget estimate. These objections were overruled and the school board thereafter forwarded the adopted budget and certificate of school taxes to the County Auditor of Pottawattamie County, Iowa. Thereafter the objectors to the budget, including the appellants in the present action, appealed from the action of the school board to the State Appeal Board by filing a protest with the county auditor in the manner provided by statute. Subsequently the State Appeal Board gave notice of a contemplated hearing on the protest filed. Section 24.27, 1946 Code, I.C.A. A hearing was held by the State Appeal Board on October 4, 1949 and on October 13, 1949 this board reduced the amount of the budget and levy by $6,000 and thereafter filed a copy of its decision with the county auditor and the board of supervisors.
As previously set forth the payment of the taxes for the year 1950-1951 only are here involved. However, it is disclosed by the record that at the budget hearing it was shown that the school board had accumulated a balance in a so-called school house fund in the amount of $80,000. It was claimed that this accumulation had been made possible by a levy of taxes for previous years in an amount greater than the necessary expenses of the school district, which excess amounts were later transferred to a school house fund. In connection with the appeal to the State Appeal Board and in the action in the district court these facts were disclosed.
It is shown by the record made in the district court that on April 10, 1950 the school district voted bonds for school house purposes in an amount not to exceed $85,000. It was stipulated that at the time of the trial there was $159, 387.16 in the school house fund and that of this amount only $85,375 was the proceeds from the sale of bonds.
The trial court denied the relief prayed for by the appellants and dismissed their petition holding that (1) the appellants' remedy was abated by their failure to make demand upon the board of supervisors before bringing suit and consequently mandamus will not lie, (2) appellants' remedy, if any, was by certiorari to review the action of the State Appeal Board, and (3) taxes were levied in substantial compliance with the statute.
I. The intervenor-appellee, in its pleadings and in a motion to dismiss dictated into the record after all parties had rested, raised the question pertaining to the failure of the appellants to make a demand for the refund of the claimed illegally collected taxes prior to the institution of the mandamus action. The trial court did not rule upon this particular question prior to the conclusion of the trial. However, in the findings of fact which it filed, it was stated: "* * * that none of the plaintiffs prior to the commencement of this action made any demand upon the defendants or either of them for the return of said taxes and money * * *".
In its conclusion of law the trial court held: "Plaintiffs cannot maintain this action in mandamus to compel the defendant, Board of Supervisors of Pottawattamie County, to direct the defendant, J. Martin Petersen, Treasurer of Pottawattamie County, to refund to plaintiffs the taxes heretofore levied and collected by the defendant."
It is apparent, therefore, that the trial court did pass on this particular question in the ruling it made. It also passed upon other questions raised during the trial.
*701 It is conceded by the appellants that the trial court was correct in its holding that their action in mandamus abated because of a failure to first file a claim for refund with the board of supervisors and make demand for it. Section 661.9, 1946 (1950) Code, I.C.A.; Scripture v. Burns, 59 Iowa 70, 72, 12 N.W. 760, 761; Mystic Milling Co. v. Chicago, M. & St. P. Ry. Co., 131 Iowa 10, 13, 107 N.W. 943, 944; see also Bibbins v. Clark & Co., 90 Iowa 230, 238-239, 57 N.W. 884, 59 N.W. 290, 29 L.R.A. 278.
There is no necessity for us to pass upon any question other than the one raised relative to the failure of the appellants to make demand before instituting the mandamus action, as it is determinative of the case.
The statute previously referred to makes a demand a prerequisite and the authorities so hold. The appellants so concede. The trial court properly held the action abated for lack of demand. Upon this ground we affirm.
Affirmed.
All Justices concur.