Arnold **BUECHELE** et al., Appellees,

v.

**Robert RAY** et al., Appellants,

**Kenneth L. Logemann,** Intervenor-
Appellant.

No. 56135.

Supreme Court of Iowa.

June 26, 1974.

Richard C. Turner, Atty. Gen., Richard E. Haesemeyer, Sol. Gen., George W. Murray, Sp. Asst. Atty. Gen., for appellants.

Brown, Kinsey & Funkhouser, Mason City, for intervenor-appellant.

Pappas & Dunn, Mason City, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

RAWLINGS, Justice.

Plaintiffs Arnold Buechele, Harvey Bartz and Boyd Harmon, as taxpayers, sought Polk District Court certiorari review of action by members of defendant State Executive Council (Council) in appointing an attorney to defend State Representative Kenneth L. Logemann in a slander suit brought against him by plaintiffs individually. Trial court sustained the writ. Defendants and intervenor Logemann appeal. We reverse.

February 5, 1972, State Representative Logemann, with other legislators and constituents, attended a breakfast at the Green Mill Cafe in Mason City sponsored by the local Chamber of Commerce. In response to a news media inquiry he there made a statement regarding plaintiffs, then Worth County Supervisors.

April 19, 1972, plaintiffs resultantly filed a slander damage action against Logemann.

By letter dated May 4, 1972, Attorney General Richard Turner requested the Council engage the services of an attorney to represent Logemann in the slander suit. The Council was thereby advised to the effect Turner believed the State had a very substantial interest in the outcome of the lawsuit, and was resultantly obligated to undertake Logemann's defense. Turner also stated his staff would normally provide such defense, but there was a possibility the Attorney General or his associates would be called as witnesses, thus making appointment of disinterested counsel essential.

May 8, 1972, the Council, upon Turner's recommendation, authorized the employment of an attorney to represent Logemann.

May 17, 1972, plaintiffs commenced the aforesaid certiorari action, thereby challenging defendant Council's authority to so do. They supportively alleged the Council acted illegally and in excess of authority under The Code 1971, Sections 13.7, 19.10.

June 1, 1972, Logemann allied himself with defendants via a petition of intervention.

June 1, 1972, defendants moved to quash the writ and dismiss plaintiffs' action because (1) the act complained of is not judicial, but executive or administrative, consequently not reviewable by certiorari; (2) the petition seeks review of discretionary acts by defendants, not reviewable by certiorari; (3) under Code § 13.7 the Council may employ legal assistance to defend in any action as to which the Attorney General could defend pursuant to § 13.2, upon a sufficient written showing by him that his department is for some reason unable to perform those services, which showing was here made; and (4) the State does have an interest in defending against the above noted slander action.

August 1, trial court entered findings of fact and conclusions of law holding, in essence, (1) certiorari is a proper remedy; (2) State has no legal interest in the slander suit; and (3) defendants' action in employing outside counsel for Logemann is illegal and void.

August 11, 1972, defendants and intervenor unsuccessfully moved for a new trial.

They here contend trial court erred in (1) holding certiorari is a proper remedy; (2) finding the State had no interest in defending the slander action, thus the Council acted illegally or in excess of jurisdiction in employing an attorney; and (3) overruling defendants' and intervenor's new trial motion.

I. First entertained is the aforesaid assignment to the effect certiorari is not instantly an available remedy.

It is supportively contended the Council's action in engaging an attorney to defend Logemann was neither judicial nor quasi-judicial in nature, therefore not amenable to certiorari review.

In that regard Iowa R.Civ.P. 306 provides:

"A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, *exercising judicial functions,* is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally." (Emphasis added).

■ The term "judicial functions" is not here construed in a strict or technical sense. In other words, certiorari will lie if the act in question is quasi-judicial in nature. See State v. Johann, 207 N.W.2d 21, 24 (Iowa 1973); Staads v. Board of Trs. of Fireman's Ret. Pension Fund, 159 N. W.2d 485, 489 (Iowa 1968); Lehan v. Greigg, 257 Iowa 823, 827, 135 N.W.2d 80 (1965); Aplin v. Clinton County, 256 Iowa 1059, 1062, 129 N.W.2d 726 (1964); Anderson v. Hadley, 245 Iowa 550, 561, 63 N.W.2d 234 (1954); Massey v. City Council, 239 Iowa 527, 530, 31 N.W.2d 875 (1948).

In the same vein, it is the nature of an act, not identity of the board or tribunal charged with its performance, which determines whether or not a function is judicial or quasi-judicial. See Porter v. Iowa State Board Public Instn., 259 Iowa 571, 576, 144 N.W.2d 920 (1966); Lehan v. Greigg, *supra*; Gates v. City Council of Bloomfield, 243 Iowa 1, 9–10, 50 N.W.2d 578 (1951); 14 Am.Jur.2d, Certiorari, § 7; 14 C.J.S. Certiorari § 17b.

■ It is at best difficult to determine whether acts are judicial or quasi-judicial. See Massey v. City Council, *supra.* The focal point of the solution may lie in use of the term "quasi". That word ordinarily means superficially resembling but intrinsically different. Therefore, when an activity appears to be judicial in nature, but in reality is not, it is termed quasi-judicial. See Galloway v. Truesdell, 83 Nev. 13, 422 P.2d 237, 243 (1967).

■ In keeping therewith it has been authoritatively held, an inferior tribunal which is not a court exercises a judicial function when (1) the questioned act involves a proceeding in which notice and opportunity to be heard are required; or (2) a determination of rights of parties is made which requires the exercise of discretion in finding facts and applying the law thereto. See generally Hoffman v. City of Fort Collins, 30 Colo.App. 123, 489 P.2d 355, 356 (1971); Modlin v. City of Miami Beach, 201 So.2d 70, 74 (Fla.1967); Carter v. Wilkins, 160 Me. 290, 203 A.2d 682, 684 (1964); City of Albany v. Mc-Morran, 34 Misc.2d 316, 230 N.Y.S.2d 434, 436–437 (1962); 27 Iowa L.Rev. 291, 299 (1942); 14 C.J.S. Certiorari § 17b.

Although we long ago indicated our view is not so restricted, it still remains the foregoing judicial attributes are worthy of some weight in resolving the question at hand.

■ At the same time, consideration is accorded another test voiced with approval in *Massey, supra,* i. e., whether or not the challenged act goes to the determination of some right the protection of which is the peculiar office of the courts. See also Thompson v. Amis, 208 Kan. 658, 493 P.2d 1259, 1262–1263 (1972).

■ On the other hand, it must be understood the mere exercise of judgment or discretion is not alone sufficient to characterize an act as quasi-judicial. See *Massey, supra.* See also National Ben. Acc. Assn. v. Murphy, 222 Iowa 98, 101, 269 N. W. 15 (1936).

■ II. Mindful of the foregoing we look again to the record. It reveals the

Council acted pursuant to The Code 1971, § 13.7. Also inextricably involved is § 13.-2(2).

The latter statute provides, in material part:

"It shall be the duty of the attorney general, except as otherwise provided by law to:

"1. * * *

"2. Prosecute and defend in any other court or tribunal, all actions and proceedings, civil or criminal, in which the state may be a party or interested, *when, in his judgment, the interest of the state requires such action * * *.*" (Emphasis added)

And in relevant part, § 13.7 says:

"[T]he executive council *may* employ legal assistance, * * * in any pending action or proceeding to protect the interests of the state, but only upon a sufficient showing, in writing, made by the attorney general, that his department cannot for reasons stated by him perform said service, * * *." (Emphasis added).

Under those enactments the legislature (1) first accorded the attorney general discretionary right to determine whether, in his judgment, the interest of the state requires action on his part; then (2) delegated to the Council the discretionary right to employ legal assistance in any pending action to protect state interests upon a sufficient written showing by the attorney general that his department is unable to perform the necessary services. It is not contended the mechanics here employed were in any sense procedurally improper.

Significantly, the statutes last above quoted do not require (1) notice; (2) hearing; (3) taking of evidence; (4) fact findings; or (5) legal conclusions. Nor are adverse parties with antagonistic interests therein contemplated. Neither do the acts to be performed involve the determination of a right ordinarily within the province of the courts. In brief, the Council's action had none of the attributes commonly associated with judicial functions.

On the contrary, the Council is simply given legislative authorization to exercise discretion in acting to protect the interests of the state by employing legal assistance.

Strikingly similar to the case at bar is State v. Board of Com'rs, 23 Nev. 247, 45 P. 529 (1896). Plaintiffs there sought review of action taken by the Board of County Commissioners in employing a law firm to assist the district attorney in certain tax litigation. It was there held such act was not reviewable by certiorari, because it was not judicial in nature. In so holding the court aptly observed: "Courts do not make contracts, and the making of a contract has none of the elements of judicial action." 23 Nev. at 247, 45 P. at 529.

In light of the foregoing, we conclude and now hold the Executive Council's action in employing an attorney to defend Representative Logemann was of a discretionary executive nature, not the exercise of a judicial or quasi-judicial function. Therefore, it was not, under our procedural rules, subject to certiorari review. Trial court reversibly erred in holding otherwise.

Under existing circumstances it is unnecessary to pass on other assignments urged by defendants.

Reversed.