**FISCHER AND COMPANY, INC., and Plastic Center, Inc., Appellants,**

v.

**Lloyd C. HAYES, Wilfred A. Bahl, Donna Smith and Dubuque County, Iowa, Appellees.**

No. 84–586.

Supreme Court of Iowa.

March 20, 1985.

Daniel P. Ernst of Ernst & Cody, P.C., Dubuque, for appellants.

Fred H. McCaw, Asst. Co. Atty., for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

McCORMICK, Justice.

The district court entered summary judgment in favor of defendant members of the board of supervisors and Dubuque County in plaintiffs' action seeking a declaratory judgment that defendants violated statutory bidding requirements in renting space for county offices. Plaintiffs contend that the statutes apply and were violated but that, even if they do not apply, the lease is invalid because defendants did not accept the lowest responsible bid. We affirm the district court.

The relevant statutes are as follows:

When the estimated cost of a public improvement, ... exceeds twenty-five thousand dollars, the [county] board shall follow the contract letting procedures provided for cities in sections 384.95 to 384.103.... As used in this section, "public improvement" means the same as defined in section 384.95 as modified by this subsection.

Iowa Code § 331.341 (1983).

"Public improvement" means any building or construction work, either within or outside the corporate limits of a city, to be paid for in whole or in part by the use of funds of the city, regardless of sources....

§ 384.95(1).

When the estimated total cost of a public improvement exceeds the sum of twenty-five thousand dollars, the governing body shall advertise for sealed bids....

§ 384.96.

The contract for the public improvement must be awarded to the lowest responsible bidder....

§ 384.99.

Plaintiffs Fischer and Company, Inc., and Plastic Center Inc., were unsuccessful bidders for a lease to rent office space to Dubuque County. The specifications pre-

scribed a five-year lease. Sufficient time was allowed before commencement of the lease for remodeling to be done. The premises were to house fifteen agencies which would occupy 23,800 to 28,000 square feet of floor space in accordance with floor plans prepared by the agencies. Plaintiffs' evidence indicated that no commercial space in Dubuque could meet the county's specifications without the expenditure of at least $175,000 in remodeling costs.

The board of supervisors advertised for bids. Three bids were received. Plaintiffs allege their bid of $3.50 per square foot for the first year and $4.25 per square foot for the subsequent four lease years was the lowest responsible bid. They allege that the lease was in fact awarded to another party with a nonconforming and higher bid. A trier of fact could find plaintiffs' allegations to be true.

We must decide whether the district court erred in sustaining defendants' motion for summary judgment in these circumstances.

■ I. *Applicability of the statutes.* In contending that the public bidding statutes apply, plaintiffs argue that the lease was in substance, if not form, a contract for a public improvement. We do not agree.

The lease did not obligate the county to pay for a public improvement. Instead it obligated the county to pay rental for the use of space for the term of the lease. Although the county's specifications for arrangement of the space were likely to require a potential lessor to make substantial expenditures to prepare the premises, these expenditures were to be the sole obligation of the lessor. There is nothing unusual about a landlord making alterations in a building to meet the needs of a tenant. Nor is it surprising that a landlord would hope to recover remodeling costs through rentals. The concern of the tenant, however, is not what the landlord must spend but what the tenant must pay.

In the present case, the county must pay rent so long as the lease is in effect. The lessor must provide the space for the term of the lease. If the county were to breach its duty to pay rent, the lessor would have an action for rent, not an action to recover the cost of remodeling. The action would be governed by the law of landlord and tenant, not the law governing public improvements.

We have recognized that calling a transaction a lease does not necessarily make it a lease. *See Bachtell v. City of Waterloo,* 200 N.W.2d 548, 551 (Iowa 1972). Nevertheless the present transaction was a lease in substance as well as in form. Like the district court, we find that the lease was not a transaction for construction work to be paid for by funds of the county within the meaning of the statutory definition of public improvement.

■ Leases of real property ordinarily are not within statutes requiring contracts for construction work to be let for public bidding. *See* 64 Am.Jur.2d, *Public Works and Contracts* § 45 at 899 (1972); 72 C.J.S. Supp., *Public Contracts* § 9 at 185 (1975); 1A C. Antieu, *Municipal Corporation Law* § 10.33 (1985); 10 E. McQuillan, *The Law of Municipal Corporations* § 29.32 at 310–12 (3d rev.ed.1981). Substantial differences exist in the considerations involved. Competitive bidding for construction work is based on comparative prices for the same work. Even though price is an important factor in leasing real estate, other factors are also relevant. Location, structure, layout, improvements, traffic considerations and neighborhood may be important. These additional factors do not lend themselves readily to procedures for competitive bidding on construction work. *See Wright v. Wagner,* 405 Pa. 546, 550, 175 A.2d 875, 877 (1961).

Leasing of real estate may be made subject to statutes that recognize relevant factors. *See, e.g.,* Or.Rev.Stat. §§ 276.-420–.429 (1983). Strong policy reasons exist for enactment of competitive bidding statutes. *See Istari Construction, Inc. v. City of Muscatine,* 330 N.W.2d 798, 800

(Iowa 1983). The problem here, however, is that Iowa does not have a statute that regulates competitive bidding for government leases of real estate.

We hold that the district court did not err in reaching the same conclusion.

■ II. *Accepting the lowest bid.* In this case the county did use competitive bidding procedures. If section 384.99 were applicable, the county would have been obliged to accept the lowest responsible bid. But section 384.99 was not applicable. Plaintiffs contend that defendants were nevertheless obliged to accept the lowest responsible bid, which they allege was the one they submitted.

■ Unless required to do so by statute, however, public officers are not bound to award contracts to the lowest responsible bidder. *See Lee v. City of Ames,* 199 Iowa 1342, 203 N.W. 790 (1925). The absence of statutory mandate leaves the decision in the discretion of the officers. *See Case-Bros. Co., Inc. v. City of Ottawa,* 226 Kan. 648, 651, 602 P.2d 1316, 1319 (1979); *Edwin J. Dobson, Jr., Inc. v. Rutgers, State University,* 157 N.J.Super. 357, 380, 384 A.2d 1121, 1132 (N.J.Super.Ct.Law.Div. 1978). The county officers were thus free to consider factors other than price in making their decision. *See* McQuillan, *supra,* § 29.73a at 407–08.

We hold that the district court did not err in entering summary judgment for defendants.

AFFIRMED.