375 N.W.2d 222 (1985)
Robert J. HOEFER and William H. Hoefer, d/b/a the Administrators, Appellants,
v.
SIOUX CITY COMMUNITY SCHOOL DISTRICT, Woodbury County, State of Iowa, and Dr. Thomas Padgett, Mary Beth Satterfield, Donald Meisner, Dr. James Hartje, Patricia Van Bramer, Harold Mettenbrink, and Dale Parker, as members of the Board of Education of said School District, Appellees.
No. 84-368.
Supreme Court of Iowa.
October 16, 1985.
Paul W. Deck of Deck & Deck, Sioux City, for appellants.
James R. Vallone of Klass, Whicher & Mishne, Sioux City, for appellees.
Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.
*223 REYNOLDSON, Chief Justice.
The question is whether a school board's decision awarding a group health insurance contract is reviewable in certiorari. Plaintiffs Robert J. and William H. Hoefer, agents for an unsuccessful bidder, filed a petition for certiorari in district court. That court sustained the motion of defendants Sioux City Community School District and its board members (hereinafter, "board") to dismiss the petition on the ground it failed to state a claim upon which any relief could be granted. We transferred plaintiffs' appeal to the court of appeals, which reversed and remanded the case for further proceedings. The board applied to this court for further review. It asserts the court of appeals decision was in conflict with our opinion in Fischer & Co. v. Hayes, 364 N.W.2d 237 (Iowa 1985), and erroneously held the board was exercising a quasi-judicial function in awarding the contract. The board further contends the appeals court wrongly determined that plaintiffs' petition stated facts sufficient to satisfy Iowa Rule of Civil Procedure 309. We affirm the decision of the court of appeals, reverse the district court ruling, and remand for further proceedings.
I. The district court ruling sustained a motion to dismiss for failure to state a claim upon which any relief could be granted. See Iowa R.Civ.P. 104(b). Our rules for review of such a disposition are well settled.
A motion to dismiss is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts provable under the allegations. The motion admits the allegations and waives any ambiguity or uncertainty in the pleading. The allegations are construed in their light most favorable to the pleader, and doubts are resolved in [the pleader's] favor.
The motion cannot be based upon facts not alleged in the pleading which is assailed, unless judicial notice can be taken of additional facts.
Curtis v. Board of Supervisors, 270 N.W.2d 447, 448 (Iowa 1978) (citations omitted); see Bindel v. Iowa Manufacturing Co., 197 N.W.2d 552, 555 (Iowa 1972); Hohl v. Board of Education, 250 Iowa 502, 506, 94 N.W.2d 787, 789 (1959) ("[F]or purposes of the motion to quash, plaintiffs' allegations must be taken as true.").
We thus are confined initially to the allegations of plaintiffs' amended petition. Plaintiffs asserted that on September 20, 1983, the board advertised for competitive sealed bids, pursuant to filed specifications, for group health insurance for its employees. Plaintiffs timely submitted the lowest responsible bid on behalf of Washington National Insurance Company, a corporation qualified and licensed to do insurance business in Iowa. Further, despite the protests of plaintiffs and other bidders at a scheduled public hearing on November 8, 1983, the contract was awarded to Wisconsin Education Association Insurance Trust (WEA). WEA, plaintiffs alleged, is a welfare benefit plan under the provisions of the Employee Retirement Income Security Act, organized and existing in the state of Wisconsin, but not qualified to submit a bid for group health insurance. Plaintiffs alleged their bid conformed to the board's specifications, while WEA's bid was not the lowest, nor was it in conformity with the specifications and requirements the board had formulated and filed.
Plaintiffs further alleged the decision of the board, acting through only four of its seven members, was "arbitrary, discriminatory, capricious, unlawful, dishonest, unreasonable, irrational, unauthorized, erroneous, in bad faith, a wrongful abuse of official responsibility, [and] the result of fraud and corruption and conspiracy," all of which resulted in plaintiffs' damages.
The board's specifications, attached to and made a part of plaintiffs' petition, reserved its "right to reject any and all bids and to waive any informality or irregularity in the bidding process" and to "approve contracts on individual programs or on a combination of programs based on an analysis *224 of proposals to determine the best overall benefit to the School District."
On the date the petition was filed the district court ordered that the writ of certiorari issue.
The board's motion to dismiss alleged Iowa Code section 279.12 commits the establishment of a group health insurance plan solely to the discretion of the board and no statute required the board to take bids or constrained its discretion in evaluating the bids and selecting the insurance carrier. Further, the board in exercising the plenary authority thus granted it by the legislature was not exercising a judicial function and therefore the situation did not fall within the scope of Iowa Rule of Civil Procedure 306, delineating when a writ of certiorari may issue.
Plaintiffs' resistance to the board's motion conceded Iowa Code section 279.12 granted the board authority "to decide how and in what manner it will undertake to establish said group health insurance plan" and no statute required the board take bids for the establishment of the plan. Plaintiffs asserted, however, that in the bid and letting procedure the board was exercising a quasi-judicial function.
December 30, 1983, trial court sustained the board's motion to dismiss. The court reasoned the board did not exercise a judicial or quasi-judicial function, thus certiorari was not available. Further, the trial court found plaintiffs' pleadings failed to state facts showing the board acted illegally or exceeded its jurisdiction, and therefore, plaintiffs' petition did not plead grounds sufficient to support the writ.
II. Our further review of the court of appeals decision reversing the trial court does not require us to address the merits of the case. We are confronted only with the question whether certiorari will lie in the pleaded circumstances. This is a distinguishing difference between this case and Fischer, 364 N.W.2d 237. In that declaratory judgment action plaintiffs contended the public bidding statutes applied, and the board of supervisors was bound to award a real estate lease to the lowest bidder. We agreed with the district court's summary judgment determination the statute did not apply and the decision was in the discretion of the board, which was free to consider factors other than price in selecting the lease. Id. at 240. The issue whether certiorari would lie to review the board's decision was not involved in Fischer, even though our decision in that controversy might be relevant in the disposition of this case on its merits.
Our resolution of the question before us must commence with Iowa Rule of Civil Procedure 306, which states:
A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally.
The phrase, "judicial functions," as used in rule 306, is not construed in a strict or technical sense. In order to support a certiorari proceeding the action of the board is only required to be quasi-judicial. Buechele v. Ray, 219 N.W.2d 679, 681 (Iowa 1974); Staads v. Board of Trustees, 159 N.W.2d 485, 489 (Iowa 1968); Lehan v. Greigg, 257 Iowa 823, 827, 135 N.W.2d 80, 83 (1965). In Buechele we identified several factors to be considered in determining whether an action is judicial or quasi-judicial in nature: (1) whether "the questioned act involves a proceeding in which notice and an opportunity to be heard are required"; (2) whether "a determination of rights of parties is made which requires the exercise of discretion in finding facts and applying the law thereto"; or (3) whether "the challenged act goes to the determination of some right the protection of which is the peculiar office of the courts." 219 N.W.2d at 681. We said in Buechele that "quasi ordinarily means superficially resembling but intrinsically different. Therefore, when an activity appears to be judicial in nature, but in reality is not, it is termed quasi-judicial." Id. Buechele also made clear, however, that "the mere exercise of judgment or discretion is not alone sufficient *225 to characterize an act as quasi-judicial." Id. (citations omitted). See also Porter v. Iowa State Board of Public Instruction, 259 Iowa 571, 576, 144 N.W.2d 920, 923 (1966) ("It is the nature of the act performed which determines whether it is administrative or judicial.").
In Buechele, the State Executive Council appointed an attorney to defend a state representative in a slander suit. Plaintiffs commenced a certiorari action challenging the council's authority to appoint the attorney. 219 N.W.2d at 680. We rejected the plaintiffs' contention that the council's action was quasi-judicial in nature. Our opinion emphasized the statutes authorizing this discretionary appointment required no notice, no hearing, no taking of evidence, no fact-finding, and no legal conclusions. Id. at 682. Additionally, the statute in question anticipated no adverse or antagonistic parties. Id.
Similarly, section 279.12 of the Iowa Code grants discretionary authority to the school board to establish a group health insurance plan. See Iowa Code § 279.12 (1983). Moreover, no specific procedural requirements are set forth in the statute. See id.
Under a charitable view of plaintiffs' allegations, however, the board may have exercised a quasi-judicial function in applying Iowa law when it determined, as it must have, that WEA was authorized to enter into the subject contract in Iowa. Such activity is reviewable in certiorari. See Buechele, 219 N.W.2d at 681. Further, certiorari will lie to review the legality of the board's action in view of plaintiffs' charges of fraud, corruption, and conspiracy. We are not faced here with the question whether the petition would stand in the face of a summary judgment motion. Iowa R.Civ.P. 237; see Daboll v. Hoden, 222 N.W.2d 727, 732 (Iowa 1974) (Motion for summary judgment may be made in any civil action.); Hanna v. State Liquor Control Commission, 179 N.W.2d 374, 375 (Iowa 1970) (Supreme court treats "motion for judgment" as a motion for summary judgment in a certiorari action.). We merely hold that plaintiffs' petition minimally met the necessary requirements for a writ of certiorari. See Iowa R.Civ.P. 306.
III. There remains the board's contention that plaintiffs' petition failed to state facts showing the board acted illegally or exceeded its jurisdiction. In division I we reviewed our liberal rules applied for the benefit of the pleader in resisting a motion to dismiss.
The board, however, contends notice pleading is not applicable to certiorari review. Instead, it argues plaintiffs are required to state with significant detail the basis for their claim. The board bases that argument on Iowa Rule of Civil Procedure 309, which states:
The writ may be granted only by the district court acting through a district judge unless it is directed to that court, a district judge, or a district associate judge, and then by the supreme court or a justice thereof.... The writ shall be issued by the clerk of the court where the petition is filed, under its seal. It shall command the defendant to certify to that court, at a specified time and place, a transcript of so much of defendant's records and proceedings as are complained of in the petition or as may be pertinent thereto, together with the facts of the case, describing or referring to them or any of them with convenient certainty; and also to have then and there the writ.
(Emphasis added.)
The board's contention is without merit. Rule 309 applies only when the writ already has been properly issued. Here, the sole issue before the court is whether the petition was sufficient to support the writ. In addition, the particularity required by rule 309 is imposed on the responding defendant, not the plaintiff.
These plaintiffs alleged the board failed to acknowledge that WEA did not qualify to submit a bid on group health insurance; the board failed to acknowledge the bid of WEA was irregular and did not conform to the specifications established by the school *226 board; the board's acceptance of WEA's bid and rejection of other qualified bids constituted an arbitrary, discriminatory, unlawful, and wrongful abuse of official responsibility. Plaintiffs alleged the board's decision was the result of fraud, corruption, and conspiracy, and unlawfully promoted favoritism and collusion. As the court of appeals found, plaintiffs' allegations could state fewer conclusions and more facts. However, for purposes of a motion to dismiss, plaintiffs' petition, viewed in light of the rules quoted in division I, is sufficiently detailed to withstand this motion to dismiss. We do not address the issue, not raised here, whether plaintiffs had an exclusive administrative remedy. See Iowa Code § 290.1 (1983).
We affirm the decision of the court of appeals. The district court's ruling is reversed and this case is remanded to district court for further proceedings.
DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT RULING REVERSED; REMANDED FOR FURTHER PROCEEDINGS.