GARLING CONSTRUCTION, INC., Appellant,

v.

CITY OF SHELLSBURG, Iowa and Richard Grimm, as Mayor of the City of Shellsburg, Iowa; Carla Draker, as City Councilperson of the City of Shellsburg, Iowa; Carla Charlier, as City Councilperson of the City of Shellsburg, Iowa; Steven Ternus, as City Councilperson of the City of Shellsburg, Iowa; Daniel Roehr, as City Councilperson of the City of Shellsburg, Iowa; and Timothy Bird, as City Councilperson of the City of Shellsburg, Iowa, Appellees.

No. 00–0371.

Supreme Court of Iowa.

Jan. 24, 2002.

Rehearing Denied April 8, 2002.

Roger W. Stone of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellant.

Thad J. Collins and Terry J. Abernathy of Pickens, Barnes & Abernathy, Cedar Rapids, for appellees.

Thomas M. Cunningham, John A. Templer, and John R. Perkins of Pingel & Templer, P.C., West Des Moines, for amicus curiae Master Builders of Iowa.

LARSON, Justice.

When the Shellsburg City Council voted to award a contract for a new municipal building to a locally owned business, DeKlotz Construction, Inc., rather than to the lowest bidder, Garling Construction, Inc., Garling filed this suit against the city. The district court denied the plaintiff's petition for certiorari and claim for damages, and we affirm.

### I. *Facts and Prior Proceedings.*

Garling Construction, Inc., a general contractor with more than twenty years experience, submitted a bid for the city

project of $308,583. DeKlotz Construction, Inc., a local contractor, submitted the next lowest bid of $317,980.29. DeKlotz had never previously bid a public improvement or project. Dennis DeKlotz, owner of DeKlotz Construction, Inc., resides in Shellsburg. The city council made no official determination that Garling was not a responsible bidder and passed no resolution to that effect, although one of the council members contacted references provided by Garling and received negative comments about the company. The city council passed a resolution that did not refer to the references but merely said, "relative to the best interest of the City" the city would accept DeKlotz's bid. Later, various members of the city council confirmed that the council gave preference to DeKlotz's bid because DeKlotz resided within the city.

Within two days of the city's notice of award of contract, Garling filed a petition for writ of certiorari. The petition sought a determination in Count I that the actions of the city violated the Iowa competitive bidding statute, Iowa Code §§ 384.99, .100 (1999). Count II alleged that the actions of the city were arbitrary, an abuse of discretion, in bad faith, or fraudulent. Count II demanded damages. The district court dismissed the petition for writ of certiorari and held that Iowa Code section 23A.3 mandated the city to give special consideration to local businesses and that the city could prefer a contractor residing within the city to one living outside the city. Garling appealed.

## II. *Standing to Challenge the City's Decision.*

▮▮▮ The city argues that Garling lacks standing to challenge the contract award. The district court rejected this argument in a preliminary hearing, but the city renews it on appeal. Error was pre-

served because " 'a successful party is not required to cross-appeal to preserve error on a ground urged but rejected by the district court.' " *Advance Elevator Co. v. Four State Supply Co.*, 572 N.W.2d 186, 189 (Iowa Ct.App.1997) (quoting *Johnston Equip. Corp. v. Indus. Indem.*, 489 N.W.2d 13, 16 (Iowa 1992)). "This is because a party need not, in fact cannot, appeal from a favorable ruling." *Johnston Equip.*, 489 N.W.2d at 16.

We have said in an analogous case, "[t]he general rule governing a challenge to bidding procedures is that an unsuccessful bidder lacks standing to bring a suit challenging their legality." *Elview Constr. Co. v. North Scott Cmty. Sch. Dist.*, 373 N.W.2d 138, 141 (Iowa 1985). We reiterated the *Elview* rule in *Medco Behavioral Care Corp. v. Value Behavioral Health, Inc.*, 553 N.W.2d 556, 561 (Iowa 1996), although *Medco* was decided under a different statute. The reasoning for *Elview*'s standing decision is that the truly damaged party is the taxpayer, not one who has lost a bid through some claimed error. We stated that the "[competitive-bidding] statutes were enacted for the benefit of the taxpayers, not the bidders." *Elview*, 373 N.W.2d at 141. We further stated that competitive-bidding statutes were " 'not intended to be a bestowal of litigable rights upon those desirous of selling to the government....' " *Id.* (quoting *Perkins v. Lukens Steel Co.*, 310 U.S. 113, 127, 60 S.Ct. 869, 876, 84 L.Ed. 1108, 1115 (1940)).

Garling contends that *Elview* is distinguishable and applies only to an action in equity by an unsuccessful bidder. It claims it does not apply to a situation in which the bidder has brought an action in the form of certiorari. Garling relies on *Hoefer v. Sioux City Community School District*, 375 N.W.2d 222 (Iowa 1985). That case, however, did not discuss stand-

ing; it decided only that the plaintiff, who alleged irregularities in the award of an insurance contract, minimally pled the illegality of the board's action so as to qualify for certiorari relief. *Hoefer*, 375 N.W.2d at 226. *Hoefer* obviously was not viewed as affecting the validity of *Elview*, which had been decided only two months before, because *Hoefer* did not even mention *Elview*.

Whether the plaintiff uses the vehicle of certiorari or an equitable action, the plaintiff must have standing, and on that question, *Elview* (expressing the view of virtually every case on the issue) controls. While the plaintiff also relies on *Medco* as authority for his argument, *Medco* is distinguishable. In that case, standing to challenge a bid decision was established via the Iowa Administrative Procedure Act. *Medco*, 553 N.W.2d at 562.

██ Even if an award of contract is invalid (an issue we do not reach), standing to raise a challenge is not accorded to an unsuccessful bidder. It is said:

> A contract let or entered into in violation of [a statutory bidding] requirement is invalid and the award thereof will be set aside; *but a violation of the requirement does not give rise to a cause of action in favor of the lowest responsible bidder*, to whom the contract should have been, but was not, awarded, against the municipality for the profits which he would have made if the requirement had not been violated.

64 C.J.S. *Municipal Corporations* § 1041, at 229–30 (1999) (footnotes omitted).

In addition to the fact that bidding statutes are enacted for the benefit of the public and not bidders, *Elview*, 373 N.W.2d at 141, another reason an unsuccessful bidder has no standing to seek monetary damages is that this would be contrary to the public interest the bidding laws were designed to protect, since it would twice penalize taxpayers by compelling them to pay not only the excess over what they would have paid if the contract were properly awarded, but also the amount of profit lost by the contractor whose bid was wrongfully rejected.

James L. Isham, Annotation, *Public Contracts: Low Bidder's Monetary Relief Against State or Local Agency for Nonaward of Contract*, 65 A.L.R.4th 93, 111 (1988) [hereinafter Annotation].

> A bidder for public work cannot base a right of action for damages against the public body, upon a statutory requirement that contracts for the performance of public work shall be let to the lowest bidder and cannot recover lost profits in case the contract is, contrary to the statute, awarded to a higher bidder. Such a statutory provision, enacted as a protection to the public, cannot be used to make disobedience of its provisions by public officers a double source of punishment to the public body; if the low bidder is permitted to maintain such an action then this obedience of the statute would make the public body pay the difference between the lowest bid and the bid for which the contract was made and also the profit that the lowest responsible bidder would have made if the statute had not been violated.

64 Am.Jur.2d *Public Works & Contracts* § 85, at 720 (2001) (footnotes omitted).

Denial of standing to an unsuccessful bidder does not mean violation of a bidding statute will necessarily go unchallenged. An injunction action, mandamus, or declaratory judgment might still be available. *See* Annotation, 65 A.L.R.4th at 99.

Although a public contractor whose low bid is wrongfully rejected by a government entity is often held to have standing to prosecute an action for in-

junction, mandamus, or declaratory judgment, it is less frequently held that there is a remedy for damages in such cases, the basic reasoning being that while equitable, extraordinary, or declarative relief may serve the public interest by preventing the award and execution of a contract for an excessive amount, permitting damages in such cases serves the bidder's interest alone, and is contrary to the public interest the competitive bidding laws were designed to protect, further burdening a treasury already injured by paying too high a price for the goods or services.

*Id.* (footnotes omitted); *see also Sutter Bros. Constr. Co. v. City of Leavenworth,* 238 Kan. 85, 708 P.2d 190, 196 (1985) ("An unsuccessful bidder on a public works project may not predicate a cause of action for damages against a public body solely upon an alleged violation of [a bidding statute]. An unsuccessful bidder's remedy is to seek injunctive relief, preventing the award of the contract to one not legally entitled thereto.").

A bidder on a public contract does not have an action for damages against the public agency for alleged irregularities in the bid process. Rather, such a bidder is limited to seeking an injunction before the contract is awarded to another contractor. Thus, a disappointed bidder on a city contract has standing to sue to enjoin the execution of a contract. 64 Am.Jur.2d *Public Works & Contracts* § 85, at 723.

Based on *Elview* and the authorities discussed, we conclude the plaintiff lacks standing to seek damages for the council's action, and we therefore affirm the judgment of the district court.

**AFFIRMED.**