# IN THE SUPREME COURT OF IOWA

No. 85 / 04-1067
No. 86 / 04-1196

Filed September 29, 2006

**S.A. SUTTON** and **FRANCINE BANWARTH**,

Appellants,

vs.

**DUBUQUE CITY COUNCIL** and **ROYAL OAKS DEVELOPMENT CORP.**,

Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**S.A. SUTTON** and **FRANCINE BANWARTH**,

Appellees,

vs.

**DUBUQUE CITY COUNCIL** and **ROYAL OAKS DEVELOPMENT CORP.**,

Appellants.

---

Appeal from the Iowa District Court for Dubuque County, Lawrence H. Fautsch, Judge.

City and affected developer appeal from judgment voiding amendment to zoning ordinance, asserting that action was barred by limitations; prevailing objectors also appeal. **REVERSED ON CITY'S APPEAL; AFFIRMED ON OBJECTORS' APPEAL.**

David L. Hammer and Angela C. Simon of Hammer, Simon & Jensen, Dubuque, for S.A. Sutton and Francine Banwarth.

Barry A. Lindahl and James A. O'Brien, Dubuque, for Dubuque City Council.

Stephen J. Juergens of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for Royal Oaks Development Corp.

**CARTER, Justice.**

The city council of the City of Dubuque, in its representative capacity, and Royal Oaks Development Corporation, an affected real estate developer, appeal from a judgment that voided an amendment to the zoning ordinances of the City of Dubuque.[1] Because there is a community of interest between appellants, we will proceed as if the City were the only appealing party. The appellees are S.A. Sutton and Francine Banwarth, two objectors to the zoning change.

The basis for the district court's decision invalidating the rezoning action was that court's finding that the mayor of Dubuque, whose vote was necessary for passage of the challenged zoning change, had a disqualifying conflict of interest. Sutton and Banwarth had advanced other grounds for voiding the ordinance, and they appeal from the trial court's rejection of those assertions. Although separately docketed, the two appeals are considered together. The City urges that the mayor did not have a disqualifying conflict of interest, and it also seeks to overturn the judgment on the ground that the present action was barred by limitations. Because we agree with the latter claim, we reverse the judgment of the district court on the City's appeal. We affirm the district court's rulings on the issues raised in the objectors' appeal.

On May 8, 2003, the Dubuque City Council passed an ordinance amending the existing zoning code by reclassifying certain described property from a commercial recreation district to a planned unit development (PUD) district with a residential district designation, including a conceptual development plan. The ordinance was passed on a four-to-three vote, with the mayor voting yes.

---

[1] It was determined by pretrial ruling that this action, in legal effect, is against the City, rather than council members.

Sutton and Banwarth initially challenged the rezoning decision with a petition for writ of certiorari pursuant to Iowa Rule of Civil Procedure 1.1401. That action was dismissed as untimely because it had not been brought within thirty days of the challenged action, as required by rule 1.1402(3). They later commenced the present action for declaratory judgment, seeking to overturn the challenged rezoning on multiple grounds. The City asserted plaintiffs' lack of standing and further asserted that their claims were barred by limitations because certiorari was the exclusive remedy and the time limitations for initiating a certiorari challenge had not been met. The district court rejected the City's standing and timeliness challenges. It rejected all of Sutton's and Banwarth's challenges to the ordinance except their contention involving a disqualifying conflict of interest. Following a trial on that issue, the district court found that the mayor, whose vote was decisive, had a disqualifying conflict of interest because of anticipated real estate commissions that he or his real estate agency might enjoy as a result of the project that was provided for in the PUD zoning plan.

## I. *The City's Appeal.*

The City contends that Sutton's and Banwarth's claims of illegality were required to be presented by certiorari and were barred by the time limit imposed in Iowa Rule of Civil Procedure 1.1402(3). Our decisions have recognized that certiorari may be a proper remedy for reviewing the legality of decisions made by city councils and county boards of supervisors in zoning matters. *Montgomery v. Bremer County Bd. of Supervisors*, 299 N.W.2d 687, 692 (Iowa 1980); *Smith v. City of Fort Dodge*, 160 N.W.2d 492, 495 (Iowa 1968). This recognition rests on the conclusion that the action being reviewed by certiorari is of a quasi-judicial nature. Although municipal zoning ordinarily involves the enactment of an ordinance, an

action that on first blush appears to be legislative in nature, rezoning often takes on a quasi-judicial character by reason of the process by which it is carried out. We defined the nature of a quasi-judicial function in *Buechele v. Ray*, 219 N.W.2d 679 (Iowa 1974). We stated in that case that a quasi-judicial function is involved if the activity (1) involves proceedings in which notice and an opportunity to be heard are required, or (2) "a determination of rights of parties is made which requires the exercise of discretion in finding facts and applying the law thereto." *Buechele*, 219 N.W.2d at 681. Similar criteria were expressed in *Curtis v. Board of Supervisors*, 270 N.W.2d 447, 449 (Iowa 1978).

The Washington Supreme Court has applied the following principles in determining whether zoning activities are quasi-judicial in character:

> Zoning decisions may be either administrative or legislative depending upon the nature of the act. . . .
>
> . . . [W]hen a municipal legislative body enacts a comprehensive plan and zoning code it acts in a policy making capacity. But in amending a zoning code, or reclassifying land thereunder, the same body, in effect, makes an adjudication between the rights sought by the proponents and those claimed by the opponents of the zoning change.

*Fleming v. Tacoma*, 502 P.2d 327, 331 (1972). The Washington court then set forth a helpful recital of the factors that will render rezoning decisions quasi-judicial in character. Those factors include (1) rezoning ordinarily occurs in response to a citizen application followed by a statutorily mandated public hearing; (2) as a result of such applications, readily identifiable proponents and opponents weigh in on the process; and (3) the decision is localized in its application affecting a particular group of citizens more acutely than the public at large. *Id.* All of the factors identified by the Washington court in *Fleming* come into play in the present conflict, a circumstance that leads us to the conclusion that the action of the city

council being challenged in the present case was quasi-judicial in character. As such, a challenge to the legality of the action taken was subject to review by certiorari.

The quasi-judicial character of municipal rezoning is particularly evident in matters involving PUD zoning. The Florida appellate court in *Hirt v. Polk County Board of Commissioners*, 578 So. 2d 415 (Fla. Ct. App. 1991), discussed this distinction as follows:

> [C]reating zoning districts and rezoning land are legislative actions, and . . . trial courts are not permitted to sit as "super zoning boards" and overturn a board's legislative efforts. . . .
>
> . . . .
>
> *The planned unit development concept varies from the traditional concept of zoning classifications.* It permits a flexible approach to the regulation of land uses. Compliance must be measured against certain stated standards. . . .
>
> [S]ince the Board was called upon to review an interpretation and application of an ordinance . . . and the ordinance was not challenged per se, the Board's decision was "clearly quasi-judicial."

*Hirt,* 578 So. 2d at 417 (citations omitted) (emphasis added).[2] The paramount issue for our consideration is whether the availability of certiorari review precluded Sutton and Banwarth from raising their challenge to the rezoning in a declaratory judgment action filed after the time for seeking certiorari review had expired. For reasons that we will discuss, we hold that it did.

The argument that the City urges in support of its timeliness challenge to the present action received sympathetic consideration from the

---

[2]A leading authority on zoning law describes planned unit development zoning as a process that "allows [a] municipality to control the development of individual tracts of land by specifying the permissible form of development in accordance with the city's PUD ordinance. . . . The planned unit development process provides more flexibility to municipalities than does traditional Euclidean zoning." 2 R. Anderson, *American Law of Zoning 3d* § 11.12 (1986). Approval of such zoning requires a finding that the proposed development qualifies under the provisions of the ordinance authorizing PUD zoning.

district court. That court's reaction to this timeliness challenge was as follows:

> It is hard to understand why a litigant should be able to use a procedure of general application (declaratory judgment) as an alternative to a procedure specifically designed for challenging the legality of actions of governmental bodies (certiorari) and thereby avoid the time limit on certiorari actions. This path vitiates the 30-day time limit created by I.R.C.P. 1.1402(3) and defeats the public policy considerations noted in *Sergeant Bluff-Luton [School District v. City Council of Sioux City*, 605 N.W.2d 294 (Iowa 2000)], favoring prompt resolution of challenges to city decisions. Nevertheless, the Supreme Court specifically said in *Fox [v. Polk County Board of Supervisors*, 569 N.W.2d 503 (Iowa 1997)], that certiorari is not an exclusive remedy and that declaratory judgment can also be used to raise legality issues.

The City urges on this appeal that the same policy considerations discussed by the district court should convince us to apply the short statute of limitations provided for certiorari actions. Sutton and Banwarth urge the affirmance of the district court's ruling on this issue based on our recognition in *Fox* and in *Bormann v. Kossuth County Board of Supervisors*, 584 N.W.2d 309, 313 (Iowa 1998), that a declaratory judgment is an alternative procedure for challenging the illegality of municipal zoning. We are satisfied that our decisions in *Fox* and *Bormann* do not control the present dispute.

The dispute in *Fox* involved a petition in four counts. Counts I and III were requests for certiorari review of county board of supervisors zoning decisions. Counts II and IV were actions for declaratory judgment. Count IV challenged various aspects of the zoning decision. Count II asserted that the zoning constituted a taking without compensation. The district court dismissed Counts II and IV on the ground that certiorari was the exclusive remedy to raise the matters plaintiff sought to litigate. On the certiorari counts, the district court ruled in favor of the county board. We affirmed

the latter ruling on appeal. With regard to the declaratory judgment counts, we stated that the declaratory judgment procedure was an alternative means of raising the challenges advanced in both Counts II and IV. We held, however, that the claim of Count IV duplicated the claims presented in the certiorari counts and should meet a similar fate. We remanded Count II, the taking claim, for further proceedings in the district court.

Our treatment of the taking claim in *Fox* is consistent with our treatment of a similar claim in *Bormann* in which we allowed a taking claim to proceed by declaratory judgment. The rationale for that determination in both *Fox* and *Bormann* is that the taking claims involved an unlawful application of the ordinance to a particular property owner and not an illegal act in connection with the enacting of the ordinance. We do not retreat from our treatment of the taking clause issues in *Fox* and *Bormann.* We do retreat, however, from our conclusion in *Fox* that Count IV, which duplicated the illegality challenges raised in the certiorari counts, could be asserted by means of a declaratory judgment action.

Although the existence of another remedy does not ordinarily preclude a court from granting declaratory relief, we have refused to apply that principle when there is another adequate remedy provided by law that is intended to be exclusive. *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n*, 360 N.W.2d 729, 730-31 (Iowa 1985). We have applied this principle with respect to review of administrative agency action. We are convinced that a similar exclusivity of remedy should exist as to the review of decisions of city councils or county boards of supervisors acting in a quasi-judicial capacity when the claimant alleges illegality of the action taken. We clearly stated that this was the case in *Lewis Investments, Inc. v. City of Iowa City*, 703 N.W.2d 180, 185 (Iowa 2005). We also applied this

principle in an analogous context in *Sergeant Bluff-Luton School District v. City Council of Sioux City*, 605 N.W.2d 294 (Iowa 2000).

In *Sergeant Bluff-Luton,* the district court concluded that the inclusion of certain property in an urban renewal project was illegal and that, consequently, a tax levy based on such inclusion was also illegal. The district court sustained a writ of certiorari and also granted a declaratory judgment that the tax levy was a nullity. On appeal, we found that the certiorari action had not been filed in a timely manner and ordered that action be dismissed. With regard to the school district's request for declaratory judgment we stated:

> [W]e conclude that the district court erred in deciding that the taxes levied were illegal. This is because the legality of the taxes levied does not exist independent from the city's 1994 decision to include Virginia Meadows in the urban renewal project, which is the alleged illegal action that is the subject of the school district's certiorari petition. . . .
>
> . . . [T]here are important public policy reasons for limiting the time during which a party can challenge city decisions and resulting regular tax levies. City officials must be able to prepare budgets and levy taxes for an appropriate time period, based upon established figures and past decisions, without the threat of later challenges to the legality of such decisions that are made after [the statutory limit for bringing certiorari actions has] run.

*Sergeant Bluff-Luton,* 605 N.W.2d at 298. Equally important policy considerations militate in favor of a short period of limitations in challenging rezoning based on some claim of illegality in the enactment of the ordinance. We hold that certiorari was the proper and exclusive remedy for asserting Sutton's and Banwarth's conflict-of-interest challenge to the PUD zoning. As a result of this conclusion, we need not consider other challenges raised by the City to the district court's decision.

**II.** *The Appeal by Sutton and Banwarth.*

In their appeal, Sutton and Banwarth assert that the district court erred in rejecting other challenges that they made to the PUD rezoning. In these challenges they assert that the rezoning process (1) involved a violation of the open meetings law, (2) served to unlawfully interfere with a publicly dedicated park, (3) failed to comply with ordinance requirements for off-street parking, (4) was contrary to the city's comprehensive plan, and (5) was the result of arbitrary and capricious action in its passage.

Rather than determine whether any of these claims could be brought by means other than certiorari, we have reviewed each claim on the merits and are satisfied that the district court's ruling on each of these issues was correct.

Based on the conclusions we have reached in Division I of this opinion, we hold that Sutton's and Banwarth's action in the district court was untimely and must be dismissed on that ground.

**REVERSED ON CITY'S APPEAL; AFFIRMED ON OBJECTORS' APPEAL.**