**IN THE COURT OF APPEALS OF IOWA**

No. 3-1154 / 13-0328
Filed March 26, 2014

**CATHERINE OEHL, et al.,**
    Plaintiffs-Appellants,

**vs.**

**AMANA COLONIES LAND USE
DISTRICT BOARD OF TRUSTEES,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Iowa County, Patrick R. Grady,

Judge.


Plaintiffs appeal from a ruling dismissing their declaratory judgment action.

**AFFIRMED.**


Wallace L. Taylor, Cedar Rapids, for appellants.

Laura E. Bergus and John W. Hayek of Hayek, Brown, Moreland & Smith,

L.L.P., Iowa City, for appellee.


Heard by Vogel, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Appellants are aggrieved residents of the Amana Colonies who challenge a decision of the Amana Colonies Land Use District Board of Trustees to allow the construction of hotel, convention center, and banquet complex within the Amana Colonies. The district court concluded that the exclusive remedy to challenge the Board of Trustees' decision was by certiorari and that it lacked jurisdiction over Appellants' declaratory judgment action. The district court also concluded, in the alternative, that the Board of Trustees did not act unreasonably, arbitrarily, or capriciously in approving the development project. We affirm the judgment of the district court.

I.

The Amana Colonies are unincorporated villages in Iowa County. In 1932, the Amana Society, a private corporation, owned the 26,000 acres in which the Amana Colonies are located. Development within the Amana Colonies was effectively managed by deed restrictions and covenants. In 1982, our supreme court held that land use restrictions in the deeds were invalid and unenforceable. *See Amana Soc. v. Colony Inn, Inc.*, 315 N.W.2d 101 (Iowa 1982). The decision effectively vitiated the informal land use control system governing development within the Amana Colonies. In response, the legislature authorized the creation of special land use districts for the purpose of preserving the "distinctive historical and cultural character" of the districts so created. *See* Iowa Code § 303.41 (2011). Although the statutory language authorizing the creation of land use districts is phrased in general terms, the definition of eligible districts and

legislative history make clear that the statute was created for the particular purpose of allowing the residents of the Amana Colonies, collectively, to manage development in this historically and culturally significant community in a manner consistent with community traditions and values.

Pursuant to the land use statute, voters in the Amana Colonies approved the creation of the Amana Colonies Land Use District (hereinafter "ACLUD"), and elected a seven-member Board of Trustees (hereinafter "the Board"). The Board adopted a Land Use Plan, effective March 1, 1986, which emphasizes historic preservation. The Land Use Plan provides for the creation of Historic Preservation Districts (hereinafter "HPD"). The Land Use Plan also establishes a Historic Preservation Committee (hereinafter "HPC") tasked with consideration of applications for Certificates of Approval (hereinafter "COA") for "[a]ny construction, alteration, demolition, or removal affecting a significant exterior architectural feature of any structure within an HPD." The Board may issue a COA for construction of a structure in a HPD after review and recommendation by the HPC.

David and Yana Cutler own and operate the Ronneburg Restaurant in Amana within a HPD. In May 2010, the Cutlers applied for a COA to construct an addition to their restaurant. The proposed addition included a hotel, convention center, and banquet complex. The Cutlers' application was forwarded to the HPC for review. The HPC approved by a vote of 4-0 the Cutlers' proposal and sent it to the Board, which took no immediate action and tabled it. Over the course of the next twelve months, multiple hearings were held

on the Cutlers' application for a COA. Many of the Appellants in this case, including lead Appellant Oehl, were allowed to present their views on the Cutlers' application. The Cutlers submitted different versions of their proposal for consideration to address the concerns of residents raised during the hearings on the application.

In the spring of 2011, the HPC received an updated application from the Cutlers and forwarded it to the Board without a recommendation. The proposal came before the Board on June 6, 2011, and the Board initially split 3-3 on whether to approve the application. At the same meeting, the Board asked the Cutlers if they would be willing to make some final changes to the proposed addition. The Cutlers agreed to the proposed changes, and a second vote was taken on the modified proposal. The Board voted 4-2 in favor of the application as modified, and a COA was issued.

All of the Appellants except one appealed the issuance of the COA to the ACLUD Board of Adjustment. The Board of Adjustment consists of five members appointed by the Board of Trustees with authority to make special exceptions to the terms of the land use plan and with responsibility to hear certain appeals of property owners aggrieved by the Board of Trustees' action. *See* Iowa Code § 303.54. The Board of Adjustment determined that it did not have authority "to review and overturn the essentially legislative decision of the Board of Trustees to grant applications such as that of the Cutlers." Approximately 70 days after the Board of Adjustments' decision and 105 days after the Board of Trustees' decision, the Appellants challenged the issuance of the COA by filing this

declaratory judgment action. The case was tried to the district court, and the district court held the petition was improper and untimely and the claims failed on the merits.

## II.

## A.

Appellants contend the district court erred in concluding their challenge to the COA was required to be made in a certiorari action, that the petition was untimely filed, and that the district court therefore lacked jurisdiction over the claim. We review rulings on subject matter jurisdiction for correction of errors at law. *See State v. Erdman*, 727 N.W.2d 123, 125 (Iowa 2007).

Iowa Rule of Civil Procedure 1.1401 provides "[a] party may commence a certiorari action when authorized by statute or when the party claims an inferior tribunal, board, or officer, exercising judicial functions, or a judicial magistrate exceeded proper jurisdiction or otherwise acted illegally." "The term 'judicial functions' is not here construed in a strict or technical sense." *Buechele v. Ray*, 219 N.W.2d 679, 681 (Iowa 1974). Thus, "certiorari will lie if the act in question is [also] quasi-judicial in nature." *Id.* "[W]hen an activity appears to be judicial in nature, but in reality is not, it is termed quasi-judicial." *Id.*

The Board's issuance of the COA was a quasi-judicial function subject to challenge by a certiorari action. A tribunal not a court exercises judicial or quasi-judicial authority when (1) "the questioned act involves a proceeding in which notice and an opportunity to be heard are required"; (2) "a determination of rights of parties is made which requires the exercise of discretion in finding facts and

applying the law thereto"; or (3) "the challenged act goes to the determination of some right the protection of which is the peculiar office of the courts." *Wallace v. Des Moines Indep. Cmty. Sch. Dist.*, 754 N.W.2d 854, 858 (Iowa 2008). While there was notice and opportunity to be heard on the merits of the Cutlers' application, the Board was not *required* to provide notice and hearing prior to deciding whether to issue the COA. Therefore, the challenged action does not fall within the first part of the above-stated test. However, it is clear that the determination of the Cutlers' rights required the exercise of discretion in finding facts and applying the law thereto.

We first note, "[i]t is the nature of an act, not identity of the board or tribunal charged with its performance, which determines whether or not a function is judicial or quasi-judicial." *Id.* Thus, although the Land Use Plan states that "approval or disapproval of a Certificate of Approval is declared to be a legislative policy determination," that language is not dispositive of the question. We must look to the nature of the act regardless of the label applied to it. Here, the Board's action was akin to a zoning decision and was therefore quasi-judicial in nature. *See Montgomery v. Bremer Cnty. Bd. of Sup'rs*, 299 N.W.2d 687, 692 (Iowa 1980) (stating that certiorari was the appropriate means to review a Board's decision to rezone two parcels of land from agricultural to industrial for the purposes of development); *Smith v. City of Fort Dodge*, 160 N.W.2d 492, 494-95 (Iowa 1968) (finding certiorari the appropriate means to review a Board's decision to approve the rezoning of two properties from single family to multi-family dwellings).

The conclusion that the Board's action was quasi-judicial in nature is bolstered by the very nature of Appellants' challenges to the Board's decision. For example, Appellants contend the decision was improper because the proposal did not contain a yard as required by the Land Use Plan. Further, they contend, if the proposal contained a yard, it was not of the minimum size required by the Land Use Plan. They also contend the Board violated the "zoning ordinance" because a hotel is not consistent with historical structures. Appellants also argue "there are not enough parking spaces on the . . . lot to comply with the zoning ordinance." Appellants also note Reynold Moessner, who was instrumental in creating the ACLUD, testified why the application violated the Land Use Plan. These are all complaints that the Board's findings of fact were incorrect and/or the Board did not apply the facts properly to the zoning ordinance—complaints arising out of the Board's quasi-judicial functions and not its legislative functions.

Not only is certiorari available to challenge judicial and quasi-judicial action, it is the exclusive remedy to challenge this type of land use decision. *See Sutton v. Dubuque City Council*, 729 N.W.2d 796, 798-99 (Iowa 2006) (finding declaratory judgment action was improper and that certiorari was the exclusive remedy to challenge the rezoning of property). In determining that certiorari was the exclusive remedy to challenge a rezoning decision, the *Sutton* court noted:

> Although the existence of another remedy does not ordinarily preclude a court from granting declaratory relief, we have refused to apply that principle when there is another adequate remedy provided by law that is intended to be exclusive. *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n,* 360 N.W.2d 729, 730-31 (Iowa 1985). We have applied this principle with

> respect to review of administrative agency action. We are convinced that a similar exclusivity of remedy should exist as to the review of decisions of city councils or county boards of supervisors acting in a quasi-judicial capacity when the claimant alleges illegality of the action taken.

*Id.* at 800. The *Sutton* court applied this reasoning and held that the decision to allow a development within a planned unit development "was clearly quasi-judicial" and not a challenge to the validity of the ordinance and could be challenged exclusively by a timely filed petition for certiorari. *See id.* at 798. We conclude *Sutton* is controlling here.

The cases Appellants cite for the proposition that an action for declaratory relief is allowable are distinguishable. *Keller v. City of Council Bluffs*, 66 N.W.2d 113 (1954); *Anderson v. City of Cedar Rapids*, 168 N.W.2d 739 (Iowa 1969), *Fox v. Polk County Board of Supervisors*, 569 N.W.2d 503 (Iowa 1997), and *Geisler v. City Council*, 769 N.W.2d 162 (Iowa 2009), involved challenges to the validity of ordinances or challenges to the legislative authority of a body to implement or change ordinances. This case, as Appellants make clear, involves only the determination of whether the COA was issued in compliance with existing ordinances. Where the validity of the ordinances is at issue, declaratory relief is allowed; where only the grant or denial of a particular application is at issue, declaratory relief is disallowed. *See City of Johnston v. Christenson*, 718 N.W.2d 290, 296-97 (Iowa 2006) ("While a declaratory judgment action may be properly brought to test the validity or constitutionality of a zoning authority which is legislative in nature, such an action ordinarily is not an appropriate method for judicial review of administrative decisions. Accordingly, although a denial of an

application for a permit may be reviewed in an action for declaratory relief where the constitutionality of the zoning ordinance is being tested, a declaratory judgment generally may not be sought to review the decision of an administrative agent, refusing to issue a permit, where the validity of a zoning ordinance is not being attacked." (quoting 297 101A C.J.S. *Zoning and Land Planning* § 353, at 483-84 (2005)).).

Even if the Appellants' petition for declaratory judgment were treated as a petition for certiorari, it was not filed for approximately 70 days after the challenged action. To initiate a certiorari action, "[t]he petition must be filed within 30 days from the time the tribunal, board or officer exceeded its jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1402(3). "An untimely petition for writ of certiorari deprives the reviewing court of subject matter jurisdiction." *Sergeant Bluff-Luton Sch. Dist. v. City Council of City of Sioux City*, 605 N.W.2d 294, 297 (Iowa 2000). Accordingly, the district court did not err in dismissing Appellants' action.

## B.

Even assuming, however, that the challenged action was legislative in nature and subject to review by declaratory judgment, the district court concluded that Appellants' claim failed on the merits. We review a declaratory judgment tried in equity de novo. *See Owens v. Brownlie*, 610 N.W.2d 860, 865 (Iowa 2000). "Although we are not bound by the trial court's factual findings, we give them weight." *Quality Refrigerated Servs., Inc. v. City of Spencer*, 586 N.W.2d 202, 205 (Iowa 1998). We agree with the district court.

"Zoning decisions are entitled to a strong presumption of validity." *Id.* at 207. "One challenging such a decision must show that it is 'unreasonable, arbitrary, capricious or discriminatory, with no reasonable relationship to the promotion of public health, safety, or welfare.'" *Id.* (citation omitted). "The court will not substitute its judgment for that of the zoning authority." *Id.* "Thus, if the reasonableness of the zoning decision is fairly debatable and the decision is facially valid, the court will not interfere with the city's action." *Id.* at 207-08. "A zoning decision is fairly debatable if the evidence provides a basis for a fair difference of opinion." *Id.* at 208. "It is facially valid 'if it has any real, substantial relation to the public health, comfort, safety, and welfare, including the maintenance of property values.'" *Id.* (citation omitted)

Appellants make a variety of arguments in support of their claim that the Board of Trustees acted unreasonably, arbitrarily, or capriciously in issuing a COA to the Cutlers. The record as a whole does not support the argument. The Cutlers' application for COA was subject to more than twelve months of scrutiny and at least twelve public hearings. The Cutlers submitted at least four versions of the proposal to address concerns raised during the hearings. At the final hearing, the Board requested the Cutlers make specific final adjustments to the development project before issuing the COA. It is clear the Board was rationally exercising the authority granted it. *See* Land Use Plan § 31.36.050 ("The Board may approve or disapprove the application and Site Plan, as reported, or may require such changes as it deems necessary to preserve the intent and purpose of this ordinance and the Land Use Plan.").

III.

Because Appellants were required to bring a certiorari claim within thirty days of the agency's decision, the district court was correct in determining that it did not have jurisdiction to hear Appellants' declaratory judgment action. Even assuming that a declaratory judgment action was appropriate, the Board of Trustees did not act unreasonably, inappropriately, or capriciously in issuing a Certificate of Approval to the Cutlers.

**AFFIRMED.**